**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| Billie Clark, | * | |
| On behalf of himself and those similarly situated, | * | Case No. 1:20-cv-295 |
| | * | Judge Douglas R. Cole |
| Plaintiff, | * | |
| v. | * | **JURY DEMAND ENDORSED HEREON** |
| | * | |
| MV Residential Property Management, LLC f/k/a MV Residential Management, Inc. | * | |
| c/o Corporate Statutory Services, Inc., 255 E. Fifth St., Suite 2400 Cincinnati, Ohio 45202, | * | |
| | * | |
| & | * | |
| MVAH Partners, LLC, 9349 Waterstone Blvd., Suite 200 Cincinnati, Ohio 45249, | * | |
| | * | |
| & | * | |
| MVAH Management, LLC, 9349 Waterstone Blvd., Suite 200 Cincinnati, Ohio 45249, | * | |
| | * | |
| Defendants. | * | |

<u>**PLAINTIFF'S FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**</u>
<u>**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**</u>

Now comes Plaintiff Billie Clark ("Named Plaintiff" or "Clark"), by and through

undersigned counsel, individually and on behalf of other members of the general public similarly

situated, for his First Amended Complaint against MV Residential Property Management, LLC

f/k/a MV Residential Management, Inc. ("MV Residential"), MVAH Partners, LLC ("MVAH

Partners") and MVAH Management, LLC ("MVAH Management") (collectively hereinafter "Defendants") for their joint failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively (as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims (except for his individual claims) are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.     JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to his claims occurred in the Southern District of Ohio, and Defendant has its principal place of business or it otherwise conducted substantial business in the Southern District of Ohio.

## II.     PARTIES

### A. Named Plaintiff Billie Clark

4.      Named Plaintiff is an individual, United States citizen, and resident of Defiance, Ohio.

5.      Named Plaintiff worked as an hourly, non-exempt "employee" of Defendants as defined in the FLSA and the Ohio Acts in the position of maintenance technician beginning in or around August, 2018 until his termination on or about October 17, 2019.

6.      During his employment with Defendants, Named Plaintiff was not fully and properly paid in accordance with the minimum requirements of the FLSA for all of his compensable hours worked because Defendants did not properly calculate overtime based on his ***regular rate of pay***, as defined by the FLSA, but instead calculated overtime based on his hourly rate of pay, resulting in unpaid overtime wages.

7.      Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent was already filed with the Complaint pursuant to 29 U.S.C. §216(b). (*See* ECF No. 1-2)[1]

### B. Defendant MV Residential Property Management, LLC f/k/a MV Residential Management, Inc.

8.      Defendant MV Residential is a domestic limited liability company[2] consisting of a real estate business that owns and operates a variety of real estate properties throughout at least Ohio and was founded in Cincinnati, Ohio in 2007.

---

[1] In addition to Named Plaintiff, Gregg Wilson, Brittany Roof, and Thomas Jester have already joined this action. *See* ECF Nos. 3-1, 4-1, and 5-1.

[2] MV Residential Property Management, LLC was formerly known as MV Residential Property Management, Inc. until January 10, 2019.

9.      MV Residential employed Plaintiff in 2018 as an hourly, non-exempt maintenance technician, to perform maintenance services for a 96-unit housing property (called Meadow Creek Apartments). MV Residential entered into a property management agreement with Meadow Creek Limited Partnership, the entity that owned Meadow Creek Apartments, but at all times relevant MV Residential was the property manager and retained the authority to hire, employ, supervise, and discharge all personnel necessary to the operation of the Meadow Creek Apartments property.

10.     As such, MV Residential was at all times relevant an "employer" of Plaintiff and those similarly situated.

11.     MV Residential is and has been doing business in this judicial district.

12.     The Ohio Secretary of State records reflect that MV Residential can be served at its statutory agent address of 255 E. Fifth St., Suite 2400, Cincinnati, Ohio 45202.

13.     Upon information and belief, its Ohio business address is 9349 Waterstone Blvd., Suite 200, Cincinnati, Ohio 45249.

### C. Defendant MVAH Partners

14.     Defendant MVAH Partners is a foreign for-profit limited liability company. MVAH Partners is authorized to do business in Ohio and regularly conducts business in this judicial district. MVAH Partners develops and manages residential and commercial real estate properties across the country. MVAH Partners operates, a number of entities associated with it, comprised of real estate properties located in Ohio, Pennsylvania, West Virginia, Michigan, Indiana, Illinois, Iowa, Kansas, Oklahoma, Texas, Tennessee, Georgia, and North Carolina. MVAH Partners was served through its Ohio statutory agent at its statutory agent address - 9349 Waterstone Blvd., Suite 200, Cincinnati, Ohio 45249.

15.     MVAH Partners is and has been doing business in this judicial district.

### D.  Defendant MVAH Management, LLC

16.     MVAH Management, LLC is a foreign, for-profit limited liability company believed to be the management company owned and operated by MVAH Partners for purposes of processing payroll for all of MVAH Partners' hourly, non-exempt employees. MVAH Management was served through its Ohio statutory agent, which is the same address as MVAH Partners' statutory agent - 9349 Waterstone Blvd., Suite 200, Cincinnati, Ohio 45249.

17.     MVAH Management is and has been doing business in this judicial district.

18.     At all times relevant, each Defendant has individually or jointly been an "employer" or Defendants otherwise operate as a single "enterprise" as those terms are defined by the FLSA and the Ohio Acts.

19.     During relevant times, each Defendant jointly maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

20.     During relevant times, each Defendant has jointly benefitted from the work performed by Named Plaintiff and those similarly situated.

21.     Upon information and belief, each Defendant jointly operated/operate and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and each Defendant has jointly had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

22.     Upon information and belief, each Defendant, at all times relevant hereto, was jointly and fully aware of the fact that each was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

**III.     STATEMENT OF FACTS**

23.     As alleged above, Defendants MVAH Partners, MV Residential, and MVAH Management all constitute an employer individually, a joint employer collectively, and/or an enterprise for several reasons. The single enterprise that Defendants and many other entities are often individually or collectively referred to is the "Miller-Valentine Group."

24.     First, upon information and belief, MVAH Partners and/or MV Residential own and operate a variety of entities associated with the development and maintenance of real estate, including MVAH Management, during all times relevant.

25.     Second, Plaintiff was directly hired in August, 2018 by MV Residential as an hourly, non-exempt maintenance technician to perform maintenance services at Meadow Creek Apartments, a 96-unit housing property (hereinafter "Meadow Creek Apartments"), owned by an entity registered as Meadow Creek Limited Partnership. However, at the time of Mr. Clark's hire, Defendant MV Residential was a party to a subcontract to which it agreed to perform management services at the Meadow Creek Apartments. The subcontract called for MV Residential, as the property manager, to exercise its control over Mr. Clark and similarly situated others to hire, employ, supervise, and discharge the personnel necessary to the operation of the Meadow Creek Apartments property. In fact, Plaintiff was compensated by MV Residential in 2018. As such, during all times relevant MV Residential was one of Plaintiff's and similarly situated employees' employers.

26.     Third, on September 28, 2018, during Plaintiff's employment, Defendants MV Residential, MVAH Management, Meadow Creek Limited Partnership,[3] and MVAH Meadow Creek, LLC[4] entered into an assignment and assumption of contract for real estate management to which Defendant MV Residential assigned the subcontract to Defendant MVAH Management. During this time period, Plaintiff and other similarly situated employees continued to perform property maintenance services on behalf of Defendants. In fact, Plaintiff and others similarly situated were compensated by one or both entities during some or all of their employment. Despite these assignments, there was little or no meaningful difference as Plaintiff and others similarly situated continued operating under the "Miller-Valentine Group" umbrella.

27.     In January, 2019, the managing member of Meadow Creek Apartments sold its interest. At that time, while still jointly employed by Defendants, Plaintiff began working at a different property consisting of a 60-unit housing property (hereinafter the "New Lima Homes Property") owned by New Lima Homes, LLC  and he continued to work at this facility until he was terminated in October, 2019. Similar to the previous arrangement above, Defendant MV Residential assigned its subcontract for property management of the New Lima Homes Property to Defendant MVAH Management. Thereafter, Mr. Clark continued performing his maintenance technician services at the New Lima Homes Property until his termination in October, 2019.

28.     The Defendant entities were founded, owned, and/or jointly operated by Defendants.

29.     Upon information and belief, Defendants primarily function is to operate a single group of real estate properties under the umbrella "Miller-Valentine Group," but were organized into subsidiaries in an attempt to minimize and avoid liability.

---

[3] Meadow Creek Limited Partnership is not currently part of this lawsuit.
[4] MVAH Meadow Creek, LLC is not currently part of this lawsuit.

30.     For example, while Plaintiff and similarly situated others worked on various properties, they were subject to property management contracts which name one or more Defendants as the property manager with the authority to hire, fire, discipline, and make changes to all personnel in order to manage each property.

31.     Further, the Defendant entities individually and/or collectively operate under the name "Miller Valentine" or the "Miller-Valentine Group." The Defendant entities have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records, including Plaintiff. For example, Plaintiff was subject to the Miller-Valentine Group employee associate handbook, effective October 1, 2016 through his employment, that specifically states the employment policies, procedures, and practices of Miller Valentine apply to all of its associated companies of the Miller-Valentine Group, including Defendants named herein. Further, the Defendant entities form a "single employer" as they are part of a single integrated enterprise and/or they are joint employers as they jointly operate a variety of properties and maintain interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

32.     Each of the Defendant Entities maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

33.     Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of its entities/locations, including policies, practices and procedures relating to payment of and

compliance with the FLSA and Ohio law (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

34.　　Each of the Defendant Entities is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA.

35.　　Each of the Defendant Entities has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

36.　　Each of the Defendant Entities has gross revenue that exceeds $500,000 per year.

37.　　Collectively, the Defendant Entities have gross revenue that exceeds $500,000 per year.

**Facts Relevant to Unpaid Overtime Compensation**

38.　　All maintenance technicians are hourly, non-exempt employees of Defendants.

39.　　During Plaintiff's employment with Defendants, he was employed as a maintenance technician and was primarily responsible for conducting maintenance, repairs, and other requests from Defendants for purposes of addressing maintenance requests, etc. at Defendants' facilities primarily in Northwest, Ohio.

40.　　During his employment with Defendants, Named Plaintiff and other similarly situated employees were not fully and properly paid for all of their compensable hours worked because Defendants jointly did not properly calculate their regular rate of pay for the purposes of meeting the minimum requirements set forth in the FLSA, resulting in unpaid overtime wages.

41.　　Defendants jointly pay Named Plaintiff and other similarly situated employees an hourly wage for hours worked (hereinafter "Base Hourly Wage").

42.　　In addition to the Base Hourly Wage, Defendants jointly pay their employees with additional forms of remuneration which should have been included in the calculation of

employees' regular rate of pay for overtime compensation, including, but not limited to, (1) incentive pay for achieving a certain tenant occupancy rate at the properties where Named Plaintiff and those similarly situated perform maintenance work; and (2) Defendants reimbursed Plaintiff and other maintenance technicians for expenses normally incurred for their benefit, including but not limited to phone allowances for use of their personal cell phone, but did not include such reimbursements when determining the employees' regular rates of pay[5] (all forms of additional remuneration hereinafter "Additional Remuneration").

43.     The Additional Remuneration received by Plaintiff and those similarly situated were non-discretionary. *See* 29 C.F.R §§ 778.207(b); 778.211(c).

44.     During the last three years preceding the filing of this Complaint, Named Plaintiff and other similarly situated employees regularly received their Base Hourly Wage and Additional Remuneration as described above in various workweeks.

45.     When Defendants paid Named Plaintiff and other similarly situated employees both their Base Hourly Wage and Additional Remuneration, Defendants failed to properly calculate their employees' regular rate of pay for the purposes of overtime pay because Defendants did not include the Additional Remuneration in their regular rate calculations. Consequently, Defendants failed to properly compensate Named Plaintiff and other similarly situated employees the overtime wages they were due in accordance with the minimum requirements of the FLSA.

46.     Instead, Defendants paid Named Plaintiff and other similarly situated employees overtime compensation at one and one-half times their **Base Hourly Wage**, and not one and one-half times their ***regular rate of pay***, as that phrase is defined under the FLSA. *See* 29 U.S.C. § 207(e).

---

[5] Reimbursements for normal everyday expenses are <u>not</u> to be excluded from regular rate calculations. *See* 29 C.F.R § 778.217(d).

47. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

48. During relevant times, Defendants had knowledge of and acted willfully regarding its conduct described herein.

49. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages.

50. For the three years preceding this filing, Defendants jointly applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiff, who received Additional Remuneration.

51. Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and practices of not paying employees the correct overtime rate for all hours worked over 40 in a workweek.

52. Defendants knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their ***regular rate of pay***, as that phrase is defined under the FLSA, but they willfully elected not to fully compensate its employees during all times relevant.

### Facts Relevant to Plaintiff Clark's Individual Claims Relating to his Wrongful Termination

53. On or about October 16, 2019, while performing job duties on behalf of Defendants, Plaintiff suffered a workplace injury when a phillips screwdriver pierced his hand. He informed Defendant MVAH Partners of his workplace injury the same day.

54.     The same day, Clark completed an incident report, sought medical treatment, and a workers' compensation claim was believed to have been initiated.

55.     The next day, on October 17, 2019, he was called into the office by Ami Homestead ("Homestead"), Defendant MVAH Partner's regional manager. During the meeting, Homestead appeared to be upset that Plaintiff suffered a workplace injury and informed Plaintiff that he was terminated from his employment.

56.     Following Plaintiff's termination, in November, 2019, through a letter sent via U.S. Certified Mail, he notified Defendants that his rights under Ohio's anti-discrimination law with respect to his rights under workers' compensation had been violated and that he desired to be re-instated as a result. Defendants received notice on November 15, 2019.

IV.     **COLLECTIVE ACTION ALLEGATIONS**

A.  **216(b) Collective Action for Unpaid Overtime Wages.**

57.     Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated employees of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendants, who received a Base Hourly Wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "§216(b) Collective Class" or the "§216(b) Collective Class Members").

58.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

59.     In addition to the Named Plaintiff, the putative §216(b) Collective Class Members have been denied overtime compensation due to Defendants' company-wide payroll policy and practice of not fully and properly compensating their employees at the proper overtime rate during workweeks when they worked more than forty (40) hours per workweek and were paid their Base Hourly Wage and Additional Remuneration. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative §216(b) Collective Class Members overtime at a rate of at least one and one-half times their ***regular rate of pay***, as that phrase is defined under the FLSA, for all overtime hours worked. The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

60.     The identity of the putative §216(b) Collective Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

61.     The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and §216(b) Collective Class Members overtime wages. Thus, Defendants enjoyed substantial profits at the expense of the Named Plaintiff and §216(b) Collective Class Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

62.     Named Plaintiff brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of Defendants working in Ohio, who received a Base Hourly Wage and Additional Remuneration during any workweek that they worked over 40 hours in any workweek beginning three years preceding the filing date of this Complaint and continuing through the date of final disposition of this case (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

63.     During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not correctly compensated at a rate of at least one and one-half times their correct ***regular rate of pay***, as that phrase is defined under the FLSA, for all hours worked in excess of 40 because of Defendants' policy and practice of not fully compensating its employees at the proper overtime rate during workweeks when they received additional forms of remuneration as described herein.

64.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

65.     Named Plaintiff is a member of the Ohio Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

66.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

67.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that he has undertaken to represent.

68.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

69.     Questions of law and fact are common to the Ohio Rule 23 Class.

70.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish

incompatible standards of conduct for Defendants with respect to their hourly, non-exempt employees.

71.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants jointly acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

72.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

73.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members their correct overtime rate for all hours worked in excess of forty hours per week as a result of Defendants' failure to properly calculate the Ohio Rule 23 Class Members' regular rate of pay when they received additional forms of remuneration; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

74.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel

are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### V.    CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

75.    All of the preceding paragraphs are realleged as if fully rewritten herein.

76.    This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Collective Class Members.

77.    During the relevant time period preceding this Complaint, Defendants jointly employed the Named Plaintiff and the §216(b) Collective Class Members.

78.    Named Plaintiff and the §216(b) Collective Class Members were paid on an hourly basis when working in non-exempt positions.

79.    Named Plaintiff and the §216(b) Collective Class Members worked in excess of 40 hours in numerous workweeks during their employment.

80.    The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

81.    The FLSA requires that non-exempt employees receive overtime compensation of their regular rate of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

82.     Under 29 U.S.C. § 207(e), "regular rate" of pay shall be broadly deemed to include all remuneration for employment paid to, or on behalf of, the employee like the type of Named Plaintiff and the §216(b) Collective Class Members. *See* 29 U.S.C. § 207(e); *see also* 29 C.F.R §§ 778.207(b); 778.208; 778.211(c).

83.     Named Plaintiff and the §216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

84.     Named Plaintiff and the §216(b) Collective Class Members worked in excess of forty hours per week during all times relevant.

85.     Named Plaintiff and the §216(b) Collective Class Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years prior to the filing of this Complaint.

86.     Defendants jointly violated the FLSA with respect to Named Plaintiff and the §216(b) Collective Class Members by, *inter alia*, failing to *fully* compensate them at time-and-one-half times their regular rates of pay for hours worked over forty (40) hours in workweeks because Defendant did not properly calculate its employees' overtime rate as outlined above.

87.     Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Collective Class Members are entitled.

88.     The exact total amount of overtime compensation that Defendants failed to pay the Named Plaintiff and the §216(b) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in Defendants' possession.

89.     As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the §216(b) Collective Class Members have suffered and continue to suffer damages. The Named

Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the §216(b) Collective Class Members.

**COUNT II**
**(R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

90. All of the preceding paragraphs are realleged as if fully rewritten herein.

91. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

92. The Named Plaintiff and the Ohio Rule 23 Class Members have been jointly employed by Defendants and Defendants are each an employer covered by the overtime requirements under Ohio law.

93. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

94. The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not correctly paid their overtime rate for all hours worked over 40 in a workweek in workweeks that they received additional forms of remuneration as described herein.

95. Defendants' company-wide corporate policy and/or practice of not properly paying its hourly, non-exempt employees the *correct* overtime rate for each hour worked over forty (40) hours in workweeks that employees also received additional forms of remuneration as described herein resulted in unpaid overtime wages for the Named Plaintiff and Ohio Rule 23 Class.

96.     Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of Ohio law.

97.     Defendants jointly violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at time-and-one-half times their correct regular rates of pay for hours worked over forty (40) hours in a workweek because Defendant did not properly calculate its employees' overtime rate when they received Additional Remuneration as described herein.

98.     The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

99.     Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of R.C. §4111.03, and as such, Defendants acted willfully.

100.     For Defendants' violations of R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
### (R.C. § 4113.5 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

101.     All of the preceding paragraphs are realleged as if fully rewritten herein.

102.     During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

103.    During relevant times, Defendants were each an entity covered by the OPPA and the Named Plaintiff and the Ohio Rule 23 Class Members have been jointly employed by Defendants within the meaning of the OPPA.

104.    The OPPA requires Defendants to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

105.    During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

106.    The Named Plaintiff and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

107.    The Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

108.    In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## **<u>COUNT IV</u>**
### **(O.R.C. § 4123.90 – WORKERS' COMPENSATION RETALIATION IN VIOLATION OF OHIO LAW – DEFENDANTS MVAH PARTNERS AND MVAH MANAGEMENT)**

109.    All of the preceding paragraphs are realleged as if fully rewritten herein.

110.    Plaintiff was injured and/or suffered an occupational injury on October 16, 2019 when a Phillips screwdriver puncture/pierced his hand.

111.    As the result of the workplace incident, Clark completed an incident report, sought medical treatment, and a workers' compensation claim was believed to have been initiated.

112.    The next day, subject to further information that upon further discovery will reveal, MVAH Partners and/or MVAH Management terminated his employment in retaliation for filing or otherwise pursuing workers' compensation benefits.

113.    MVAH Partners and/or MVAH Management discharged Plaintiff in violation of O.R.C. § 4123.90. Plaintiff was treated less favorably than similarly situated employees who had not filed, instituted, or pursued a workers' compensation claim.

114.    This conduct arising out of Plaintiff's workers' compensation claim is retaliation in violation of O.R.C. § 4123.90 because MVAH Partners and/or MVAH Management discharged Plaintiff for exercising his rights by filing a claim and/or instituting, and/or pursuing a claim under the workers' compensation act.

115.    Within the ninety (90) days following Plaintiff's discharge, MVAH Partners and/or MVAH Management received written notice that Plaintiff's demotion and discharge were in violation of O.R.C. § 4123.90.

116.    As a result of MVAH Partners's and/or MVAH Management's violation of O.R.C. § 4123.90, Plaintiff is entitled to all relief afforded under O.R.C. § 4123.90, including but not limited to reinstatement with back pay, and/or lost wages, and reasonable attorney's fees and costs.

### COUNT V
### (OHIO REVISED CODE § 4123.90 - WRONGUFL DISCHARGE IN VIOLATION OF PUBLIC POLICY AGAINST DEFENDANTS MVAH PARTNERS AND MVAH MANAGEMENT)

117.    All of the preceding paragraphs are realleged as if fully rewritten herein.

118.    A clear public policy exists and is manifested in Ohio through R.C. § 4123.90, declaring it unlawful to "[d]ischarge, demote, reassign, or take punitive action against any

employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer." *See* R.C. § 4123.90.

119.    Terminating employees under circumstances like those involved in this case would jeopardize the public policy. *See, e.g.*, *Sutton v. Tomco Machining, Inc.*, 129 Ohio St.3d 153 (2011).

120.    Plaintiff's dismissal arising out of Plaintiff's workers' compensation claim was motivated by conduct related to the public policy set forth in R.C. 4123.90 because Plaintiff filed, instituted, and/or pursued a claim under the workers' compensation act as indicated herein.

121.    MVAH Partners and/or MVAH Management lacked an overriding legitimate business justification for Plaintiff's termination.

122.    As a result of MVAH Partners's and/or MVAH Management's violation of the above-referenced statutory provision and Ohio Supreme Court which provide for public policy, Plaintiff is entitled to all relief this Court deems just and proper, including but not limited to reinstatement with back pay, and/or lost wages, and reasonable attorney's fees and costs.

## VI.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order against Defendants as follows:

A.    Certifying the proposed FLSA collective action;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.       A declaratory judgment that Defendants' payroll policy or practice of not properly calculating the overtime rate during workweeks its employees received Additional Remuneration for Named Plaintiff and the § 216(b) Class as described herein violates the FLSA;

D.       Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

E.       Judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

F.       Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

G.       Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H.       Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

I.       Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff requests judgment against Defendants for violations of the Ohio Acts, and for an Order as follows:

J.       Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

K.      Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L.      Awarding Named Plaintiff, the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

M.      Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period; and

N.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts.

**WHEREFORE**, as to **Counts IV** and **V**, Named Plaintiff requests judgment against MVAH Partners and/or MVAH Management for violations of O.R.C. 4123.90: for back pay and benefits, reinstatement, front pay and benefits, pre-judgment interest, post-judgment interest, costs, attorneys' fees and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Matthew B. Bryant*
Matthew B. Bryant (0085991)
**BRYANT LEGAL, LLC**
3450 W Central Ave., Suite 370
Toledo, Ohio 43606
Telephone: (419) 824-4439

Facsimile: (419) 932-6719
Email: Mbryant@bryantlegalllc.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
Phone: (614) 704-0546
Facsimile: (614) 573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of twelve (12) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman